**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BLUESTONE INNOVATIONS TEXAS, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2-10-cv-172 Jury Trial Demanded |
| OSRAM GMBH; OSRAM OPTO SEMICONDUCTORS GMBH & CO.; and OSRAM SYLVANIA INC. | ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT OSRAM SYLVANIA INC.**

Defendant OSRAM Sylvania Inc. ("OSI") files this Answer and Affirmative Defenses to the First Amended Complaint filed by Bluestone Innovations Texas, LLC ("Bluestone"). OSI answers the allegations below only on behalf of itself and only as those allegations directed at OSI. OSI denies all allegations that are not expressly admitted as set forth below.

**I.      THE PARTIES**

1.      OSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and on that basis denies them.

2.      OSI admits that OSRAM Gesellschaft mit beschränkter Haftung, or OSRAM GmbH ("OSRAM"), is a German corporation with a principal place of business located at Hellabrunner Strasse 1, 81543 Munich, Germany.

3.      OSI admits that it is located in the United States, but denies that it is a subsidiary of OSRAM. OSI is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of Paragraph 3 of the Amended Complaint and on that basis denies them.

4.      OSI admits that OSRAM Opto Semiconductor GmbH & Co. ("OSRAM OS") is a German corporation with a principal place of business at Leibnizstr 4, Regensburg, Bayern 93055, Germany.

5.      OSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Amended Complaint and on that basis denies them.

6.      OSI admits that it has a principal place of business located at 100 Endicott Street, Danvers, MA 01923.  OSI denies the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7.      OSI admits that its subsidiaries have offices or employees in Dallas, Houston, and San Antonio, Texas.

## II.      JURISDICTION AND VENUE

8.      As this action purports to be for patent infringement arising under the Patent Laws of the United States, OSI admits that this Court had subject matter jurisdiction.  OSI also admits that this Court has general personal jurisdiction over it.  OSI denies that it has advertised, offered to sell, sold and/or distributed infringing products, and/or has induced the sale and use of infringing products in Texas or elsewhere, and OSI denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9.      OSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint and on that basis denies them.

10.      OSI admits that its subsidiaries have offices or employees in Dallas, Houston, and San Antonio, Texas.

11.     OSI denies the allegations contained in Paragraph 11 of the Amended Complaint directed to OSI.

### III.     FACTUAL ALLEGATIONS

**A.     The Patent-in-Suit**

12.     OSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint and on that basis denies them.

13.     OSI admits that United States Patent No. 6,448,102 ("the '102 patent") is entitled "Method for Nitride Based Laser Diode With Growth Substrate Removed," and bears an issue date of September 10, 2002.  OSI otherwise denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.     OSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint and on that basis denies them.

**B.     Infringement of the Patents-in-Suit by OSRAM, OSRAM OS and OSI**

15.     OSI denies the allegations contained in Paragraph 15 of the Amended Complaint directed to OSI.

16.     OSI denies the allegations contained in Paragraph 16 of the Amended Complaint.

### CAUSE OF ACTION

### (INFRINGEMENT OF THE '102 PATENT)

17.     OSI incorporate its answers to paragraphs 1 through 16 as if fully set forth here.

18.     OSI denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     OSI denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     OSI denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.     OSI denies the allegations contained in Paragraph 21 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

OSI pleads the following affirmative defenses:

1.     The complaint and each count/claim alleged fail to state any claim against OSI upon which relief can be granted.

2.     The '102 patent and each claim thereof, are invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 1 et seq., including without limitation, the requirements in §§ 101, 102, 103, and/or 112, and the rules and regulations and laws pertaining thereto.

3.     OSI has not infringed and does not infringe, whether directly, contributorily, by inducement, or otherwise, any valid and enforceable claim of the '102 patent, either literally or under the doctrine of equivalents, whether willfully or otherwise, and is not liable for any infringement of the '102 patent.

4.     OSI has not willfully infringed any valid and enforceable claim of the '102 patent.

5.     Bluestone is precluded under the doctrine of prosecution history estoppel from asserting any construction of any valid and enforceable claim of the '102 patent to cover any method of manufacture used by, or product used, imported, sold, or offered for sale by OSI, or any service offered by OSI.

6.     Bluestone's claims for relief are barred in whole or in part by the doctrine of laches, waiver, and/or estoppel.

7.     Any damages sought by Bluestone are limited by 35 U.S.C. §§ 284, 286, and 287.

8.     Bluestone's claims for monetary relief are limited to, if anything, a reasonable and non-discriminatory royalty.  Bluestone is not entitled to any injunctive relief.

9.      OSI reserves the right to assert all affirmative and other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

Dated:  September 27, 2010                    Respectfully submitted,


                                              By:   */s/ Christopher G. Smith*
                                                    Christopher G. Smith
                                                    Texas Bar. No. 24061287
                                                    Fish & Richardson P.C.
                                                    1717 Main Street
                                                    Suite 5000
                                                    Dallas, TX 75201
                                                    Phone: 214-747-5070
                                                    Fax: 214-747-2091
                                                    e-mail:  cgs@fr.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of September 2010.  Any other counsel of record will be served by first class mail.


  /s/ *Christopher G. Smith*
Christopher G. Smith